MORGAN, LEWIS & BOCKIUS LLP
Ryan J. Cooper (RC-0477)
101 Park Avenue
New York, NY 10178-0060
(212) 309-6671
(212) 309-6001 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
ORLY CALDERON,                              )
                Plaintiff,                )
                                          )        Case No. 08-CV-1721
   - against -                          )
                                          )        **ANSWER**
THE PRUDENTIAL INSURANCE         )
COMPANY OF AMERICA,              )
                Defendant.               )
-----------------------------------------------------x

## ANSWER

Defendant, The Prudential Insurance Company of America ("Prudential"), by and through its attorneys, hereby answers the Complaint in the above referenced matter as follows:

    1.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

    2.     Defendant admits that it is a New Jersey Corporation with its principal place of business in New Jersey. Defendant admits it is authorized to do business in New York. Defendant denies all remaining allegations contained in paragraph 2.

    3.     Admitted.

    4.     Defendant admits that it issued a group life insurance policy, 44442, (the "Policy") to Fordham University. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.

5. The Policy is a written document whose terms speak for themselves. Defendant denies the allegations of paragraph 5 to the extent those allegations do not accurately reflect the terms of the Policy and do not contain the Policy in its entirety.

6. Defendant admits it received a copy of the beneficiary designation form attached to the Complaint as Exhibit 1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint.

7. The allegations contained in paragraph 7 purports to characterize a written document, the contents of which speak for themselves. Defendant denies the allegations of paragraph 7 to the extent those allegations do not accurately reflect those contents.

8. Admitted that Abraham Abramovsky is deceased. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint.

9. Defendant admits that at the time of Abraham Abramovsky's death, all required premiums had been paid on the coverage on his life and such coverage was in full force and effect.

10. Defendant admits that Plaintiff has made a claim to the benefits of the Policy. The allegations contained in paragraph 10 purport to characterize written documents whose contents speak for themselves. Defendant denies the allegations of paragraph 10 to the extent those allegations do not accurately reflect those contents.

11. Defendant admits that Plaintiff has made a claim to the benefits of the Policy prior to commencement of this action. The allegations contained in paragraph 11 purport to characterize written documents whose contents speak for themselves. Defendant denies the

allegations of paragraph 11 to the extent those allegations do not accurately reflect those contents.

12. Defendant admits it has not paid Plaintiff any benefits under the Policy. Defendant denies the remaining allegations in paragraph 12 of the Complaint.

13. Denied.

14. Defendant denies that Plaintiff is entitled to any of the relief in the WHEREFORE clause of the Complaint.

15. Defendant denies each and every other allegation not specifically admitted herein.

## DEFENSES

At this time, Prudential asserts the following Defenses to the Complaint:

16. Plaintiff's claims are barred to the extent the Complaint fails to state a claim upon which relief may be granted.

17. Any and all state law claims are preempted by ERISA because Plaintiff seeks benefits under the terms of an ERISA governed benefit plan.

18. There is no right to a jury trial, or compensatory or punitive damages, under ERISA.

19. Defendant is entitled to its attorney's fees under 29 U.S.C. § 1132(g).

                              Respectfully submitted,
                              MORGAN, LEWIS & BOCKIUS LLP
                              Attorneys for Defendant

Dated: April 28, 2008            By: /s/ Ryan J. Cooper
                                            MORGAN, LEWIS & BOCKIUS LLP
                                            Ryan J. Cooper (RC-0477)
                                            101 Park Avenue
                                            New York, NY 10178-0060
                                            (212) 309-6671
                                            (212) 309-6001 (fax)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 28, 2008, a true and correct copy of Defendants' Answer was served via first class mail, upon the following:

Jules A. Epstein, Esq.
Jules A. Epstein, P.C.
600 Old Country Road, Suite 505
Garden City, New York 11530

    s/ Ryan J. Cooper
Ryan J. Cooper