MORGAN, LEWIS & BOCKIUS LLP
Brian A. Herman (BH-0731)
Ryan J. Cooper (RC-0477)
101 Park Avenue
New York, NY  10178-0060
(212) 309-6000
(212) 309-6001 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
ORLY CALDERON,                )
                              )
            Plaintiff,        )       Case No. 08-CV-1721
                              )
   - against -                )
                              )
THE PRUDENTIAL INSURANCE      )
COMPANY OF AMERICA,           )
                              )
            Defendant.        )
-------------------------------------------------x
-------------------------------------------------x
THE PRUDENTIAL INSURANCE      )
COMPANY OF AMERICA,           )
                              )
            Plaintiff,        )       Case No. 08-CV-2841
                              )
   - against -                )
                              )
DEBORAH ABRAMOVSKY, ORLY      )
CALDERON, AVIVA ABRAMOVSKY,   )
ABBA ABRAMOVSKY, DOV          )
ABRAMOVSKY, AND ARI           )
ABRAMOVSKY,                   )
                              )
            Defendants.       )
-------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S MOTION TO DISCHARGE STAKEHOLDER AND FOR ATTORNEYS' FEES AND COSTS**

The Prudential Insurance Company of America ("Prudential") possesses funds that represent the proceeds of a group life insurance plan insuring, among other things, the life of one Abraham Abramovsky, now deceased. Each other party to this action has made competing claims to these funds (collectively, the "Claimants"). Prudential has no interest in these funds and asks that the Court grant its motion, pursuant to Federal Rule of Civil Procedure 22, to deposit the funds with the Court, be dismissed from this action, and released of any liability to the other parties. Prudential also seeks its attorneys' fees and costs. Claimant Orly Calderon does not oppose Prudential's discharge from this matter.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The facts underlying this matter are also set forth in Prudential's Complaint in Interpleader, January 10, 2008, [Doc. 08-2841, No. 2-2] ("Prudential's Complaint").

Prudential provided Group Life Insurance Benefits to certain qualified current and former employees of Fordham University under Prudential Group Policy Number G-44442 (the "Plan"). Abraham Abramovsky (the "Deceased"), was a participant in the Plan. According to the New York Certificate of Death, Mr. Abramovsky died on July 23, 2007. (*See* Prudential's Complaint, Ex. C). At the time of his death, his death claim benefit under the Plan was $176,000 in Basic Term Life Benefits (the "Plan Benefits").

As a result of the death of the Deceased, the Plan Benefits are due and payable to the appropriate principal beneficiary or secondary beneficiaries, and liability is conceded to that effect. Claimant Orly Calderon ("Calderon" or "Claimant Calderon"), claims twenty percent (20%) of the Plan Benefits are to be paid to her. (*See* Complaint of Orly Calderon, January 7, 2008 [Doc. 08-1721, No.1, Ex. 1] (the "Calderon Complaint")). Claimants Deborah, Dov, Abba, Ari, and Aviva Abramovsky (collectively, the "Abramovsky Claimants"), each claim twenty

percent (20%) of the Plan Benefits. (*See* Answers of Deborah Abramovsky, Aviva Abramovsky, Dov Abramovsky, and Ari Abramovsky, February 13, 2008 [Doc. 08-2841, Nos. 2-15 through -19] (collectively, the "Abramovsky Answers")). In total, Claimant Calderon and the Abramovsky Claimants claim 120% of the Plan Benefits.

On January 7, 2008, Calderon filed a complaint in New York Supreme Court, Bronx County (the "New York Action"), naming Prudential defendant and demanding judgment in the form of payment of twenty percent (20%) of the Plan Benefits. Unaware of Calderon's state complaint, on January 10, 2008, Prudential filed its Complaint in Interpleader in the United States District Court for the District of New Jersey (the "New Jersey Action"). Prudential conceded its liability to the full amount of the Plan Benefits and sought relief in the form of an order for, among other things, Prudential to pay the full amount of the Plan Benefits, plus interest if any, into the Court, Prudential to be discharged from any further liability to Claimants, and an award of Prudential's reasonable attorneys' fees and costs incurred in this action. (*See* Prudential's Complaint).

On February 21, 2008, Prudential removed the New York Action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (*See* Notice of Removal of The Prudential Insurance Company of America, February 21, 2008 [Doc. 08-1721, No. 1] ("Prudential's Notice of Removal")). On stipulation of the parties, the New Jersey Action was transferred to this Court and docketed under number 08-cv-2841. [Doc. 08-2841, No. 2-29] On April 29, 2008, this Court consolidated the two matters under docket number 08-cv-1721. [Doc. 08-1721, No. 9]

Prudential now moves for an order directing Prudential to pay the Plan Benefits, together with accrued interest, if any, into this Court; ordering that each Claimant interplead the right to such sum; ordering that Claimants, and each of them, are restrained from instituting any action

against Prudential to recover such sum; ordering that, upon depositing the Plan Benefits, plus accrued interest, if any, into this Court, Prudential is discharged from all liability to the Claimants, and each of them, for all claims arising out of or related to the Plan and the matters set forth in the pleadings; and awarding Prudential its attorneys' fees and costs. Claimant Calderon does not oppose Prudential's motion to be dismissed from this action upon depositing the Plan Benefits with the Court. The Abramovsky Claimants, all of whom, with the exception of Ari Abramovsky, are attorneys, have refused to agree to Prudential's discharge from this action.[1] (*See* Certification of Ryan J. Cooper ¶¶ 4-12, July 17, 2008 (hereinafter, "Cooper Certification")).

## ARGUMENT

I. **Prudential should be discharged from this action because it claims no interest in the Plan Benefits and there is no independent basis for Prudential's liability.**

As a disinterested stakeholder not subject to any independent basis of liability, Prudential is entitled to deposit the funds with the Court and be discharged from liability. *Citigroup Global Markets, Inc. v. KLCC Investments, LLC*, 2007 U.S. Dist. LEXIS 2709, No. 06-cv-5466, at *24-25 (S.D.N.Y. Jan. 11, 2007). Prudential has no interest in the Plan Benefits. Prudential has conceded liability on the Plan Benefits - the only basis of liability asserted against it. (Prudential's Complaint, ¶ 27). Prudential is ready and willing to pay the life insurance benefits to the proper beneficiary or beneficiaries but is unable to determine which individual or individuals those are.

There is no independent basis for Prudential's liability to Calderon, and Calderon does not oppose Prudential's discharge from this action. (Letter from Jules Epstein to the Court, June

---

[1] Until recently the Abramovsky Claimants had been pro se. On June 6, 2008, Prudential's counsel received a call from an attorney who stated that he had been retained by the Abramovsky Claimants. (Cooper Certification ¶ 12). Six weeks later, that attorney has not entered an appearance in this matter and has not contacted counsel again.

3, 2008 [Doc. 08-1721, No. 13]). Calderon's initial complaint seeks relief solely in the form of $35,000, or approximately 20% of the Plan Benefits due under the Policy. (*See* Prudential's Notice of Removal, Ex. 1). In the New Jersey Action, Calderon answered Prudential's Complaint with a Counterclaim for relief solely in the form of $35,000, or approximately 20% of the Plan Benefits due under the Policy. (*See* Answer, Counterclaim and Cross-claim of Orly Calderon, April 25, 2008 [Doc. 08-2841, No. 3]). Calderon asserts no other claim for relief, and Prudential has conceded its liability on the Plan Benefits. Accordingly, there is no independent basis for Prudential's liability to Calderon.

There is no independent basis for Prudential's liability to the Abramovsky Claimants. All the Abramovsky Claimants, with the exception of Abba Abramovsky, filed an Answer to Prudential's Complaint and asserted several purported Counterclaims.[2] (*See* Abramovsky Answers). The Abramovsky Answers each, in verbatim Counterclaims, assert that the form designating Orly Calderon as a beneficiary of the Policy is void, or voidable; and that Prudential's Complaint in Interpleader is premature.[3] Each Abramovsky Claimant seeks relief in the form of payment of the Plan Benefits – on which Prudential has conceded liability. The Abramovsky Claimants assert no other claim for relief, and Prudential has conceded its liability on the Plan Benefits. Accordingly, there is no independent basis for Prudential's liability to the Abramovsky Claimants.

Prudential should be permitted to deposit the Plan benefits with the Court and be discharged from this action. Prudential claims no interest to and concedes liability on the Plan

---

[2]   Although properly served [*See* Doc. 08-1721, No. 11], Abba Abramovsky has never responded to the allegations in Prudential's Complaint. Moreover, none of the Abramovsky Claimants have answered any of the allegations of Calderon's Crossclaims.

[3]   Counterclaims based on jurisdiction and venue were mooted by the stipulated transfer of the New Jersey Action to this Court.

Benefits, but cannot determine which claimant is entitled to the relief sought. As a disinterested stakeholder not subject to any independent basis of liability, Prudential is entitled to deposit the funds with the Court and be discharged from all further liability to the Claimants. *Citigroup Global Markets*, 2007 U.S. Dist. LEXIS 2709 at *24-25.

**II.     As a disinterested stakeholder who has conceded liability, and sought to deposit the Plan Benefits into the Court, and be released from liability, Prudential is entitled to its attorneys' fees and costs in this action.**

Prudential is entitled to its attorneys' fees and costs incurred in its efforts to deposit the funds with the Court and be released from liability. An interpleading party that is a disinterested stakeholder, who has conceded liability, seeks to deposit the stake into the Court, and seeks to be discharged from further liability, is entitled to its attorneys' fees and costs. *Septembertide Publishing, B.V. v. Stein and Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989); *see also*, *Locals 40, 361 & 417 Pension Fund v. McInerney*, 2007 U.S. Dist. LEXIS 1974, No. 06-civ-5224, at *16 (S.D.N.Y. Jan. 9, 2007). Equity favors an award of attorneys fees and costs to the innocent stakeholder "who has expended time and money participating in a dispute not of [its] own making and the outcome of which has no impact on him." *McInerney*, 2007 U.S. Dist. LEXIS 1974, at *16 (*quoting Fidelity Brokerage Servs. LLC v. Bank of China*, 192 F. Supp. 2d 173, 183 (S.D.N.Y. 2002)). Here, Prudential has been subject to a dispute in which it has no interest and had no power to prevent. Moreover, the Abramovsky Claimants have unnecessarily prolonged this matter and caused Prudential to incur substantial attorneys' fees and costs needlessly and unreasonably. Accordingly, Prudential should be awarded its reasonable attorneys' fees and costs of $31,683.27. (*See* Cooper Certification ¶¶ 13-19).

A disinterested stakeholder, who has conceded liability, seeks to deposit the stake into the Court, and seeks to be discharged from further liability, is entitled to its attorneys' fees and costs.

*Septembertide*, 884 F.2d at 683.  It is irrelevant whether the successful interpleading party initiates the interpleader or asserts it as a counterclaim.  *Id*.  As demonstrated above, Prudential has no interest in the stake – the Plan Benefits – and has conceded all liability on the Plan Benefits.  Prudential now seeks to deposit the Plan Benefits with the Court and be discharged from this action and all further liability to the Claimants.  Accordingly, Prudential is entitled to an award of its attorneys' fees and costs.

Attorneys' fees and costs should also be granted to the disinterested stakeholder where a claimant's conduct justifies such an award.  *Id.  See also*, 4 James Wm. Moore, *et al.*, Moore's Federal Practice § 22.06.  In *Septembertide*, the stakeholder spent six months trying to obtain the claimants' agreement to deposit the disputed stake into the court with one claimant persistently refusing to agree.  *Id*.  The stakeholder successfully moved to deposit the funds and be discharged and was awarded its attorneys' fees and costs.  *Id*.  The district court, in granting attorneys' fees and costs, noted the intransigent claimant's role in prolonging the dispute and taxed the award directly against that claimant rather than the stake.  *Id*.

The Abramovsky Claimants have unreasonably prolonged this litigation; as a consequence, Prudential's fees are higher than they otherwise would have been.  Although the Abramovsky Claimants are pro se, they are all, with the exception of Ari, attorneys who may be held responsible for their unreasonable conduct in this litigation. (*See* Cooper Certification ¶¶ 4-6).  The Abramovsky Claimants have unreasonably refused to expedite this stage of the litigation by consenting to the depositing of the Plan Benefits with the Court.  Prudential has made repeated attempts – specifically, in March, May, and June – to obtain the Claimants' consent to deposit the Plan Benefits with the Court but the Abramovsky Claimants have consistently withheld such consent. (*See* Cooper Certification ¶¶ 7-12).  The Abramovsky Claimants have

never offered a justification for their refusal, and Deborah Abramovsky was aware as early as March that Prudential's deposit of the funds with the Court would occur "one way or the other." (*See* Cooper Certification ¶ 9, Exhibit A (Email of Deborah Abramovsky to Beth Black, March 17, 2008)). For more than four months Prudential has incurred the cost of litigating this matter – efforts that were unnecessary but for the Abramovsky Claimants' unreasonable conduct in this litigation. Accordingly, Prudential is entitled to its attorneys' fees and costs.

An interpleading party that is a disinterested stakeholder, who has conceded liability, seeks to deposit the stake into the Court, and seeks to be discharged from further liability, is entitled to its attorneys' fees and costs. *Septembertide*, 884 F.2d at 683; McInerney, 2007 U.S. Dist. LEXIS 1974, at *16. Further, where the claimants' conduct has prolonged or needlessly complicated a disinterested stakeholder's efforts to deposit disputed funds with the court and be discharged, the equities favor an award of the stakeholder's attorneys' fees and costs. *Septembertide*, 884 F.2d at 683; s*ee also*, 4 James Wm. Moore, *et al.*, Moore's Federal Practice § 22.06. Prudential has no interest in the Plan Benefits, has conceded liability on the Plan Benefits, and seeks to deposit the Plan Benefits with the Court and be discharged from further liability. Further, Prudential's attorneys' fees and costs are increased as a consequence of the unreasonable conduct of the Abramovsky Claimants. Accordingly, an award of Prudential's reasonable attorneys' fees and costs of $31,683.27 is appropriate.

## **CONCLUSION**

For the aforementioned reasons, Prudential respectfully requests that this Court grant its motion for an order directing Prudential to pay the Plan Benefits, together with accrued interest, if any, into this Court; ordering that each Claimant interplead the right to such sum; ordering that Claimants, and each of them, are restrained from instituting any action against Prudential to

recover such sum; ordering that, upon depositing the Plan Benefits, plus accrued interest, if any, into this Court, Prudential is discharged from all liability to the Defendants, and each of them, for all claims arising out of or related to the Plan and the matters set forth in the pleadings; and granting Prudential its attorneys' fees and costs of $31,683.27.

Dated: New York, New York
      July 17, 2008

Respectfully submitted,

  s/ Ryan J. Cooper
MORGAN, LEWIS & BOCKIUS LLP
Brian A. Herman (BH-0731)
Ryan J. Cooper (RC-0177)
101 Park Avenue
New York, NY  10178
(212) 309-6000
(212) 309-6001 (fax)