Jules A. Epstein (JE-5177)
Jules A. Epstein, P.C.
Attorney for Plaintiff Orly Calderon
600 Old Country Road, Suite 505
Garden City, NY 11530
(516) 745-1325
(516) 222-1499 (Fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ORLY CALDERON,                           Case No: 08-CV-1721
                        Plaintiff,

        -against-

PRUDENTIAL INSURANCE COMPANY
OF AMERICA,
                        Defendant.
------------------------------------X
------------------------------------X
PRUDENTIAL INSURANCE COMPANY             Case No: 08-CV-2841
OF AMERICA,
                        Plaintiff,

        -against-

DEBORAH ABRAMOVSKY, ORLY CALDERON,
AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY,       **AFFIRMATION IN**
DOV ABRAMOVSKY, AND ARI ABRAMOVSKY,      **PARTIAL AFFIRMATION**

                        Defendants.
------------------------------------X

    JULES A. EPSTEIN, an attorney at law duly admitted to practice
before the Bar of this Court, affirms under penalties of perjury
that the following statements are true:

    1.   I am the attorney for Plaintiff in Action #1 and
Defendant in Action #2 Orly Calderon ("Calderon").   I am fully
familiar with the facts and circumstances of this matter.

    2.   I submit this affirmation in partial affirmation to
Prudential  Insurance  Company's  ("Prudential")  motion  to  be
discharged as stakeholder, to deposit monies in Court, and for an
award of attorneys' fees and costs.

## SUMMARY OF ARGUMENT

3.   Calderon does not object to that portion of Prudential's motion seeking to deposit monies into Court and to be discharged as a stakeholder. (Indeed, as Prudential's motion notes, Calderon has always consented to depositing the subject life insurance proceeds into Court.   It is the Abramovsky Claimants who, as Prudential also notes, have unreasonably prolonged this litigation.)

4.   Calderon does object to Prudential's claim for attorneys' fees and costs as excessive and unreasonable.   Moreover, if attorneys' fees and costs are to be paid to Prudential from the insurance proceeds, same should be paid from the Abramovsky Claimants' share of the fund.

## NATURE OF DISPUTE

5.   This is a dispute over entitlement to life insurance proceeds.  Abraham Abramovsky ("Decedent") passed away on July 23, 2007. Calderon was Decedent's companion.  The Abramovsky Claimants are Decedent's ex-spouse (Deborah Abramovsky) and children.

6.   As Prudential's motion notes, Prudential issued its group life insurance policy insuring Decedent's life with death benefits payable in the amount of $176,000 ("Policy").

7.   Decedent designated Calderon as the beneficiary of the Policy to the extent of twenty (20%) percent of the death benefit payable.  See, beneficiary designation annexed as Exhibit "1".

8. Upon information and belief, Defendant Deborah Abramovsky claims a superior right to the twenty (20%) percent benefit otherwise payable to Calderon.[1]

9. Calderon duly made demands upon Prudential for payment of her twenty (20%) percent share of the life insurance proceeds payable upon Decedent's death. When payment was not forthcoming, Calderon commenced Action #1 in the New York State Supreme Court, Bronx County on January 7, 2008 (Bronx County Index No: 300080/08). Several days later, and allegedly unaware of commencement of Calderon's Action #1, Prudential commenced Action #2 as an interpleader action in the District Court for the District of New Jersey.

10. Notably, the District Court of New Jersey <u>lacked jurisdiction</u> over any of the defendants/claimants in Action #2. Eventually, Prudential by stipulation consented to transfer Action #2 to this Court after a series of discussions with Calderon's counsel (and perhaps the Abramovsky Claimants). See, e.g., Exhibit "2". In the course of those discussions, Calderon made clear that she was not subject to the jurisdiction of the New Jersey District Court and that in fact the New Jersey District Court possessed no jurisdiction at all over any claimant.

---

[1]Deborah Abramovsky contends that, pursuant to her judgment of divorce from Decedent, she is entitled to the life insurance proceeds otherwise payable to Calderon.

11.   As best as we can discern, Prudential commenced Action #2 in the District Court of New Jersey merely because its then counsel maintained an office in New Jersey.  See, complaint - pages 1-2 annexed as Exhibit "3".

12.   Prudential now moves to deposit all of the insurance proceeds into Court, and permit Calderon and the Abramovsky Claimants to litigate their competing claims to the insurance proceeds while Prudential is discharge as a stakeholder.

13.   As noted, Calderon does not object to depositing the insurance proceeds and indeed has consented to Prudential's deposit of the funds all along.

14.   The Abramovsky Claimants should be charged with Prudential's attorney's fees.  Prudential's motion makes clear that it is the Abramovsky Claimants who have unreasonably prolonged this litigation and caused Prudential to incur additional attorneys' fees and expenses.  Therefore, Prudential's attorneys' fees and expenses (if any) should be paid from the Abramovsky Claimants' share of the insurance proceeds.

## THE ATTORNEYS' FEES AND COSTS CLAIMED BY PRUDENTIAL ARE UNREASONABLE AND EXCESSIVE

15.   While it may be true that a disinterested stakeholder is entitled to recover its attorneys' fees and costs incurred in its effort to deposit funds with the Court, those attorneys' fees and costs must be <u>reasonable</u>.

16.    This case presents a garden variety dispute to life insurance proceeds.    Prudential itself is responsible for unnecessarily increasing the costs of litigation by initially filing Action #2 in a jurisdiction and venue which Prudential knew, or should have known, possessed absolutely no jurisdiction in the controversy.    As noted, and as best as Calderon can discern, the reason Prudential initially commenced the interpleader action in the District of New Jersey was counsel's convenience.

17.    Surely, therefore, Prudential should bear the attorneys' fees and costs associated with its misguided commencement of the action initially in the District of New Jersey and the fees and costs associated with transferring the action to this Court.

18.    Prudential's moving papers claim a total of $31,683[2] of attorneys' fees, costs and disbursements in an effort to deposit a fund of only $176,000.

19.    Prudential's counsel claims that it incurred a total of 83.2 hours of legal work performed by no less than seven (7) attorneys billing at rates ranging as high as $620 per hour.    See, Cooper certification.

20.    This includes nearly 13 hours attributable to transfer and consolidation of the action where, as noted, it is Prudential's own fault the action required a transfer in the first place.    See, Cooper certification.

---

[2]Obviously, this is nearly the entire fund payable to Calderon.

21. A total of 15 hours at $375 an hour was incurred by Morgan Lewis & Bockius, LLP to generate the instant motion consisting of a nine (9) page memorandum of law and a five and a half (5½) page certification of counsel. To be sure, counsel's certification merely rehashes the unreasonable time charges claimed by Prudential in the first place. See, Cooper certification.

22. It purportedly required a total of approximately ten (10) hours by seven (7) attorneys to review the file and analyze the claims, and over thirty-five (35) hours by six (6) attorneys to prepare and file pleadings. Finally, Prudential allegedly incurred another ten (10) hours for "document and file management". See, Cooper certification.

23. It boggles the mind that a firm as prestigious as Morgan Lewis, with attorneys of the caliber as those associated with Morgan Lewis, required the work of seven (7) attorneys over eighty-three (83) hours merely to deposit a $176,000 insurance fund in Court.

24. Logic and common sense dictates that Prudential's demand for attorneys' fees and costs in this matter of nearly $32,000 should be rejected by the Court. It is abundantly clear from the time records submitted by Prudential in support of its claim for attorneys' fees, that there were gross and wasteful inefficiencies in counsel's handling of this matter, and no good reason why it required seven (7) attorneys of Morgan Lewis caliber to file a simple interpleader complaint in a proper jurisdiction and an equally simple motion to deposit the fund into Court.

WHEREFORE, it is respectfully requested that an order be made denying that portion of Prudential Insurance Company of America's motion for an award of attorneys' fees, costs, expenses and disbursements in the amount of $31,683.27 and granting Plaintiff in Action #1 and Defendant in Action #2 Orly Calderon such other and further relief as this Court deems just and proper.

Dated:    Garden City, New York
          August 12, 2008

_____
Jules A. Epstein (JE-5177)
JULES A. EPSTEIN, P.C.
Attorneys for Plaintiff in Action #1
and Defendant in Action #2 Orly Calderon
600 Old Country Road, Suite 505
Garden City, NY 11530
516-745-1325
516-222-1499 (Fax)

EXHIBIT "1"

# Beneficiary Designation – Fordham University          Control # 44442

## Employee General Information

| Last Name | First Name | Middle Initial | Social Security No. |
|---|---|---|---|
| Abramovsky | Abraham | | 112 - 38 - 5256 |

## Beneficiary Designation

If more than one beneficiary is desired, please write their name(s) and relationship(s) on the lines below. If more than one primary beneficiary is designated, settlement will be made in equal shares to the designated beneficiaries (or beneficiary) who are then still living, unless their shares are specified. If no named beneficiary, or no beneficiary survives the insured, settlement will be made in accordance with the terms of your Group Contract.

### Basic Term Life and AD&D - Primary Beneficiary Designation

| (1) Last Name | First Name | Middle Initial | Social Security No. | Relationship | Percentage |
|---|---|---|---|---|---|
| Calderon | Orly | | 111 72 0762 | friend | 20% |

Address: 2600 Netherland Ave #18H Riverdale NY 10463

| (2) Last Name | First Name | Middle Initial | Social Security No. | Relationship | Percentage |
|---|---|---|---|---|---|
| Avira | Abramovsky | | 273703604 | Daughter | 20% |

Address: 411 Crawford Ave. Syracuse NY 13224

### Basic Term Life and AD&D - Contingent Beneficiary Designation

| (1) Last Name | First Name | Middle Initial | Social Security No. | Relationship | Percentage |
|---|---|---|---|---|---|
| Abramovsky | ABBA | Z | 097 742666 | Son | 20% |

Address: 154 W. 70st # 12-H Nyc NY 10023

| (2) Last Name | First Name | Middle Initial | Social Security No. | Relationship | Percentage |
|---|---|---|---|---|---|
| Abramovsky | Dov. | | 097745618 | Son | 20% |

Address: 301 east Nyc NY

**Employee Signature** Abraham Abr. — **Date (Month, Day, Year)** 3/4/06

If you have any questions, please see Human Resources for details.

The Prudential Insurance Company of America, 751 Broad Street, Newark, NJ 07102. Life Claims: 1-800-524-0542. Prudential Financial and the Rock logo are registered service marks of The Prudential Insurance Company of America and its affiliates.

## Prudential Financial

GL.2005.289          Ed.8/2005     ECEd.12.2005-0487     EXP.6.2007

* Abramovsky  Ari  SS# 097745956 Son, 20%
411 Crawford Ave. Syracuse2 NY 13224

EXHIBIT "2"

**Jules A. Epstein, P.C.**
ATTORNEY AT LAW
600 OLD COUNTRY ROAD
SUITE 505
GARDEN CITY, NEW YORK 11530
TELEPHONE: (516) 745-1325
FAX: (516) 222-1499
E-MAIL: jaepc1@aol.com / jaepc2@aol.com

January 31, 2008

<u>Via Fax:  215-963-5001</u>
Jeremy P. Blumenfeld
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103

> Re:  Calderon v. Prudential
>      Bronx County Index No:  300080/08

Dear Mr. Blumenfeld:

I responding to your e-mail of January 25, 2008.  Initially I note that the attorney of record in the New Jersey action is Wilson Elser, not Morgan Lewis.  Be that has it may, for the following reasons your suggestion that we withdraw the Bronx County action is rejected.

The Bronx County action was commenced first on January 7, 2008.  The New Jersey action was commenced later on January 10, 2008.

I fail to see where the New Jersey District Court has jurisdiction over any defendants and, in particular, my client Orly Calderon.  We would dispute the allegations in the New Jersey complaint that "a substantial part of the events or omissions given rise to the claim occurred" in the District of New Jersey or that a substantial part of the property that is the subject of the action is situated in New Jersey.

I also point out to you that <u>28 USC 1397</u> provides for an interpleader action to be brought in the district where one or more claimants reside.

I also dispute your contention that this matter arises under the "ERISA" statute.  It is plain from a reading of the New Jersey complaint that the dispute concerns purely a matter of New York State law, to wit - the rights of Deborah Abramovsky as ex-spouse under her New York judgment of divorce.

Inasmuch as all of the claimants are New York citizens and reside in the State of New York, that there is no in personam jurisdiction over any defendants in the District of New Jersey, and that the dispute concerns purely matters of New York state law, I respectfully suggest that Prudential withdraw the New Jersey action and assert a third-party interpleader complaint (if Prudential be so advised) in the Bronx County action.

Very truly yours,

Jules A. Epstein

C:\Documents and Settings\All Users\Documents\WPDOCS\Calderon\Blumenfeld Ltr - 1-31-08.wpd

Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540
Tel: 609.919.6600
Fax: 609.919.6701
www.morganlewis.com

# Morgan Lewis

COUNSELORS AT LAW
A Pennsylvania Limited Liability Partnership

ROBERT A. WHITE
Partner-in-Charge

**Daniel E. Orr**
Associate
609.919.6614
deorr@morganlewis.com

March 10, 2008

## VIA ELECTRONIC FILING & FEDERAL EXPRESS
The Honorable William H. Walls, U.S.D.J.
United States District Court, District of New Jersey
Martin Luther King Jr. Federal Building & Courthouse, Room 2037
50 Walnut Street
Newark, New Jersey 07102

Re:    Prudential Ins. Co. of America v. Abramovsky, et. al., no. 08-CV-172

Dear Judge Walls:

We represent the plaintiff Prudential Insurance Company of America. The parties respectfully
request that your Honor transfer this case to the United States District Court for the Southern
District of New York.

On January 7, 2008, Defendant Orly Calderon commenced a proceeding against Prudential in the
Supreme Court of the State of New York, County of Bronx County, captioned Orly Calderon v.
The Prudential Insurance Company of America, no. 300080/08. Prudential filed this interpleader
action on January 10, 2008 before it was served with that complaint.

On February 21, 2008, Prudential removed Mr. Calderon's Bronx County action to the United
States District Court for the Southern District of New York as Orly Calderon v. The Prudential
Insurance Company of America, no. 08-CV-01721.

In light of the facts that the defendants in this case reside in New York and that there are now
identical suits in two U.S. District Courts, the parties have agreed to transfer this case to the
Southern District of New York in the attached stipulation and consent order. If the order meets
with the court's approval, we ask that your Honor sign and enter the same.

Thank you for your assistance.

Respectfully,

Daniel E. Orr

Attachment
C:     Counsel of record (via electronic filing)

MORGAN, LEWIS & BOCKIUS LLP
(Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey  08540-6241
609.919.6600

UNITED STATES DISTRICT COURT,
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DEBORAH ABRAMOVSKY, ORLY CALDERON, AVIVA ABRAMOVSKY, ABBA ABRAMOVSKY, DOV ABRAMOVSKY and ARI ABRAMOVSKY, <br><br> Defendants. | Civ. Action No. 08-172 (WHW) <br><br> STIPULATION AND CONSENT ORDER TO TRANSFER OF VENUE |

It is hereby stipulated and agreed by and between plaintiff The Prudential

Insurance Company of America, through its counsel Morgan, Lewis & Bockius LLP, and

defendants Orly Calderon, Deborah Abramovsky, Aviva Abramovsky, Abba

Abramovsky, Dov Abramovsky And Ari Abramovsky that venue for this action shall be

transferred to the United States District Court for the Southern District of New York.

Morgan, Lewis & Bockius LLP
Attorneys for Plaintiff
The Prudential Insurance Company of America

By: Robert White

Dated: March 10, 2008

Deborah Abramovsky

By: Deborah Abramovsky

Dated: March 3, 2008

Jules A. Epstein
Attorney for Defendant
Orly Calderon

Aviva Abramovsky

By: _____

Dated:  March ____, 2008


Dov Abramovsky


_____

By:  Dov Abramovsky

3-3-08

By: Aviva Abramovsky

Dated:  March 3, 2008


Ari Abramovsky


_____

By:  Ari Abramovsky

3-3-08

Jules A. Epstein   _CSE -1171_
Attorney for Defendant
Orly Calderon

By: _____

Dated: March 2, 2008

Dov Abramovsky

By: Dov Abramovsky

Dated: March ___, 2008

Abba Abramovsky

By: Abba Abramovsky

Dated: March ___, 2008

Aviva Abramovsky

By: Aviva Abramovsky

Dated: March ___, 2008

Ari Abramovsky

By: Ari Abramovsky

Dated: March ___, 2008

Approved and so ORDERED this _____ day of _____, 2008.

                                    _____
                                    The Honorable William H. Walls, U.S.D.J.

1-PR:1370876.1

Jules A. Epstein
Attorney for Defendant
Orly Calderon

Aviva Abramovsky

_____

By: _____

By:  Aviva Abramovsky

Dated:  March ___, 2008

Dated:  March ___, 2008

Dov Abramovsky

Ari Abramovsky

_____

By:  Dov Abramovsky

_____

By:  Ari Abramovsky

Dated:  March ___, 2008

Dated:  March ___, 2008

Abba Abramovsky

_____

By:  Abba Abramovsky

Dated:  March 4th, 2008

Approved and so **ORDERED** this _____ day of _____, 2008.

_____
The Honorable William H. Walls, U.S.D.J

1-PR/1370876.1

EXHIBIT "3"

RECEIVED

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
JANE ANDREWS, ESQ. (JA 7012)
JULIE E. VON BEVERN, ESQ. (JV 6903)
33 Washington Street
Newark, New Jersey 07102-5003
Tel: (973) 624-0800 Fax: (973) 624-0808
Attorneys for Plaintiff The Prudential Insurance Company of America
File No.: 09718.00180

1-10-08

AT 8.30 _____ .M.
WILLIAMS

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

|  |  |
|---|---|
| ———————————————— x<br>THE PRUDENTIAL INSURANCE COMPANY<br>OF AMERICA,<br>        Plaintiff,<br><br>    v.<br><br>DEBORAH ABRAMOVSKY, ORLY<br>CALDERON, AVIVA ABRAMOVSKY, ABBA<br>ABRAMOVSKY, DOV ABRAMOVSKY, and<br>ARI ABRAMOVSKY,<br>        Defendants.<br>———————————————— | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>x | Civil Action No.: 08- 172<br>(HAA) |

## INTERPLEADER COMPLAINT

Plaintiff, The Prudential Insurance Company of America (hereinafter, "Prudential"), a

corporation of the State of New Jersey, with its principal place of business located therein at 751

Broad Street, Newark, New Jersey, by way of Complaint in Interpleader says:

## THE PARTIES

5.      Prudential is a life insurance company organized and existing under the laws of

the State of New Jersey with its principal place of business in Newark, New Jersey. Prudential is

a citizen of the State of New Jersey.

6.      Defendant, Deborah Abramovsky, upon information and belief, resides at 318

Scott Avenue, Syracuse, NY 13224, and is the ex-spouse of decedent Abraham Abramovsky.

680163.1

7.       Defendant, Orly Calderon, upon information and belief, resides at 2600 Netherland Avenue, Riverdale, NY 10463 and is the friend of the decedent Abraham Abramovsky.

8.       Defendant, Aviva Abramovsky, upon information and belief, resides at 411 Crawford Avenue, Syracuse, NY, 13224, and is the daughter of the decedent Abraham Abramovsky.

9.       Defendant, Abba Abramovsky, upon information and belief, resides at 423 East 77th Street, New York, NY 10021, and is the son of the decedent Abraham Abramovsky.

10.      Defendant, Dov Abramovsky, upon information and belief, resides at 318 Scott Avenue, Syracuse, NY 13224, and is the son of the decedent Abraham Abramovsky.

11.      Defendant, Ari Abramovsky, upon information and belief, resides at 318 Scott Avenue, Syracuse, NY 12224, and is the son of the decedent Abraham Abramovsky.

### JURISDICTION AND VENUE

12.      This is an action for interpleader pursuant to Federal Rule of Civil Procedure 22. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331, as the underlying claims at issue involve rights and liabilities governed by federal law, more particularly, the Employee Retirement Income Security Act, 29 U.S.C. §1001, et seq.

13.      Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (b) as a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, in this district.

### FACTS SUPPORTING INTERPLEADER

14.      At all times relevant hereto, Prudential provided Group Life Insurance Benefits to certain qualified current and former employees of Fordham University (the "Policyholder"),

2

AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

NANCYJEAN BROMM, being duly sworn, deposes and says:

Deponent is not a party to the action, is over eighteen (18) years of age and resides in Islip, New York.

On August 12, 2008 deponent served the within via first class mail, depositing a true copy of the **AFFIRMATION IN PARTIAL OPPOSITION** thereof enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care of the United States Postal Service within the State of New York, addressed to each of the following persons at the last known address set forth after each name:

> Ryan Cooper, Esq.
> Morgan Lewis & Bockius, LLP
> Attorney for Prudential Insurance Company
> 101 Park Avenue
> New York, NY 10178-0060
>
> Deborah Abramovsky
> Dov Abramovsky
> Ari Abramovsky
> 318 Scott Avenue
> Syracuse, NY 13224
>
> Aviva Abramovsky
> 411 Crawford Avenue
> Syracuse, NY 13224
>
> Abba Abramovsky
> 423 East 77th Street, Apt. 2B
> New York, NY 10021

Eugene Anderson
Anderson Kill & Olick, P.C.
Attorney for Aviva Abramovsky
1251 Avenue of the Americas
New York, NY 10020
212-278-1000

NANCYJEAN BROMM

Sworn to before me this
12th day of August, 2008

Notary Public

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ORLY CALDERON,                                    Case No: 08-CV-1721
                                                         Plaintiff,

                        -against-

PRUDENTIAL INSURANCE COMPANY OF AMERICA,            Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
XPRUDENTIAL INSURANCE COMPANY            Case No: 08-CV-2841
OF AMERICA,                                       Plaintiff,
                        -against-

DEBORAH   ABRAMOVSKY,   ORLY   CALDERON,   AVIVA   ABRAMOVSKY,   ABBA
ABRAMOVSKY, DOV ABRAMOVSKY, AND ARI ABRAMOVSKY,

                                                    Defendants.

---

## AFFIRMATION IN PARTIAL OPPOSITION

---

**JULES A. EPSTEIN, P.C.**
**Attorney for Plaintiff Orly Calderon**
**600 Old Country Road, Suite 505**
**Garden City, NY 11530**
**(516) 745-1325**
**(516) 222-1499 (Fax)**

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the
courts of New York, certifies that, upon information and belief and reasonable inquiry,
the contentions contained in the annexed document are not frivolous.

Dated:_____          Signature_____

                                        Print Signer's Name___JULES A. EPSTEIN___

Service of a copy of the within                           is hereby admitted

*Dated,*                                ..............................................
                                        Attorney(s) for Defendants

SIR:   PLEASE TAKE NOTICE
*NOTICE     OF*     that the within is a (certified) true copy of a
*ENTRY*            entered in the office of the clerk of the within named Court
                   on                2004

*NOTICE     OF*     that an Order of which the within is a true copy will be
*SETTLEMENT*       presented for settlement to the                      one of the
                   judges of the within named Court, at 100 Supreme Court Drive,
                   Mineola, NY    on              ,  at 9:30   A. M.

*Dated:*                           Yours, etc.,
                                   Jules A. Epstein, P.C.
                                   Attorney for Plaintiff Orly Calderon
                                   600 Old Country Road, Suite 505
                                   Garden City, NY 11530
                                   (516) 745-1325
                                   (516) 222-1499 (Fax)