MORGAN, LEWIS & BOCKIUS LLP
Brian A. Herman (BH-0731)
Ryan J. Cooper (RC-0477)
101 Park Avenue
New York, NY 10178-0060
(212) 309-6000
(212) 309-6001 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ORLY CALDERON,                    )
                                  )
            Plaintiff,            )        Case No. 08-CV-1721
                                  )
    - against -                   )
                                  )
THE PRUDENTIAL INSURANCE          )
COMPANY OF AMERICA,               )
                                  )
            Defendant.            )
-----------------------------------------------------------x
-----------------------------------------------------------x
THE PRUDENTIAL INSURANCE          )
COMPANY OF AMERICA,               )
                                  )
            Plaintiff,            )        Case No. 08-CV-2841
                                  )
    - against -                   )
                                  )
DEBORAH ABRAMOVSKY, ORLY          )
CALDERON, AVIVA ABRAMOVSKY,       )
ABBA ABRAMOVSKY, DOV              )
ABRAMOVSKY, AND ARI               )
ABRAMOVSKY,                       )
                                  )
            Defendants.           )
-----------------------------------------------------------x

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S REPLY IN SUPPORT OF ITS MOTION TO DISCHARGE STAKEHOLDER AND FOR ATTORNEYS' FEES AND COSTS**

Defendant, The Prudential Insurance Company of America ("Prudential"), by its undersigned counsel, submits the following Reply in Support of its Motion to Discharge Stakeholder and for Attorneys' Fees and Costs. Claimant Orly Calderon ("Claimant Calderon") does not oppose Prudential's depositing the funds with the Court and being released from liability. Claimant Calderon only opposes the amount of attorneys' fees and costs sought by Prudential. The remaining claimants, Deborah, Dov, Abba, Ari, and Aviva Abramovsky, have not filed an opposition to Prudential's motion.

## BACKGROUND

The underlying facts in this case have been detailed in several submissions to the Court and will only briefly be recounted here. (*See, e.g.*, Prudential's Complaint in Interpleader, January 10, 2008 [Doc. 08-2841, No. 2-2] ("Prudential's Complaint"); *and* Prudential's Memorandum of Law in Support of Its Motion to Discharge Stakeholder and for Attorneys' Fees and Costs, July 17, 2008 [Doc. 08-1721, No. 17] ("Prudential's Memorandum of Law")).

Prudential provided Group Life Insurance Benefits (the "Plan") to certain qualified current and former employees of Fordham University, one of whom was Abraham Abramovsky who died on July 23, 2007. As a result of Mr. Abramovsky's death, life insurance benefits (the "Plan Benefits") are due and payable to the appropriate beneficiary or beneficiaries, and liability is conceded to that effect. Claimant Orly Calderon ("Claimant Calderon"), and claimants Deborah, Dov, Abba, Ari, and Aviva Abramovsky (collectively, the "Abramovsky Claimants"), have made competing and mutually incompatible claims to the Plan Benefits.

Prudential filed a complaint in interpleader in the District of New Jersey while Claimant Calderon, nearly simultaneously, filed a complaint in New York state court. The state court action was removed to this Court, the New Jersey complaint was transferred to this Court, and

this Court consolidated both matters. Prudential has conceded its liability on the Plan Benefits and repeatedly sought the parties' agreement to deposit the Plan Benefits with the Court. Prudential repeatedly offered to waive its attorneys' fees and costs if the parties would so stipulate. As detailed in Prudential's Memorandum of Law, certain of the Claimants have unreasonably refused to stipulate, or even to participate in this litigation. Prudential has moved for an order directing, *inter alia*, Prudential to pay the Plan Benefits into this Court, and awarding Prudential its attorneys' fees and costs.

Claimant Calderon does not oppose Prudential's motion to deposit the Plan Benefits with the Court. The Abramovsky Claimants have not responded.

### I.  Prudential's Attorneys' Fees and Costs are Reasonable Because This Action has Languished for Over Seven Months Due to the Claimants Unreasonable Conduct.

Prudential's attorneys' fees and costs, totaling $31,683.27, are reasonable. Claimant Calderon objects that the fees are unreasonable because this is a "garden variety dispute to life insurance proceeds . . . . of only $176,000." (Affirmation in Partial Affirmation of Jules A. Epstein, August 12, 2008, ¶¶ 16, 18 [Doc. 08-1721, No. 20] ("Calderon Opposition")). However, Prudential's expenses were not determined by the nature or variety of the dispute, or by the amount involved. Rather, Prudential's fees and costs were determined by the amount of time its counsel spent on this matter. This matter was commenced in January and has yet to move beyond the pleading stage. Since this dispute's inception, Prudential's first priority has been to obtain the parties' consent to deposit the funds with the Court and allow the parties to litigate the issues. However, the parties would not agree and, as a consequence, Prudential's counsel has worked over the past seven months to transfer the New Jersey action, consolidate the actions, correspond with the parties and the Court, respond to counterclaims, repeatedly contact

the numerous – and until recently five *pro se*[1] – parties and attempt to negotiate a stipulation, and file this motion. Further, it has been Prudential's counsel – not the claimants' – that has expended the time to negotiate, draft, revise, and submit the documents necessary to transfer the New Jersey action and consolidate the two matters before this Court. Indeed, only Prudential's counsel actually showed up for the Court's April 23, 2008 conference on consolidation. In this regard, it is very reasonable that Prudential's counsel has spent 83.2 hours, or about two full work weeks, attending to this matter over the past seven months.

Prudential has tried to minimize the costs of this litigation. Claimant Calderon suggests that Prudential arbitrarily choose to file its interpleader in New Jersey. (Calderon Opposition ¶ 11, 20). However, Claimant Calderon's own submission reveals that Prudential reasonably brought its interpleader in New Jersey because "a substantial part of the events" occurred in New Jersey and that the subject of the action, the Plan Benefits, is situated in New Jersey. (*See* Calderon Opposition Ex. 2). Claimant Calderon also claims the number of attorneys involved in this matter is evidence of "gross and wasteful inefficiencies . . . ." (*Id.* at ¶ 24). However, the number of attorneys involved is a consequence of this action having been before two different United States District Courts. With the transfer of the New Jersey action to this Court, it was more efficient – not inefficient as Claimant Calderon alleges – that attorneys in Morgan Lewis' New York office attend to the case instead of the attorneys in Morgan Lewis' Princeton office. The number of attorneys involved is irrelevant to the reasonableness of the time spent or amount incurred. Finally, the majority of the work was done by the attorney with second to lowest billing rate. Accordingly, Prudential's attorneys' fees and costs are reasonable, were not

---

[1] Although *pro se* for much of this suit, all but one of the Abramovskys are licensed attorneys. On June 6, 2008, Doug Lerose informed Prudential that he represented all of the Abramovsky Claimants. On August 12, 2008, Eugene Anderson entered an appearance on behalf of Aviva Abramovsky; on August 21, 2008, Mr. Anderson entered his appearance on behalf of Abba, Ari and Dov Abramovsky. It is Prudential's belief that Mr. Lerose still represents Deborah Abramovsky.

incurred unnecessarily, and Prudential should be awarded its attorneys fees and costs of $31,683.27.

## II. The Abramovsky Claimants' Lack of Response to Prudential's Motion is Further Evidence of Their Unreasonable Conduct in This Litigation.

The Court's docket is further evidence of the unreasonable conduct of the Abramovsky Claimants in this matter: the Abramovsky Claimants refused to stipulate to Prudential depositing the funds with the Court, but have not opposed Prudential's motion. Moreover, the Abramovsky Claimants cannot object to Prudential's attorneys' fees and costs because Prudential repeatedly offered to waive its fees and costs if the Abramovsky Claimants would allow Prudential to deposit the funds with the Court. (*See, e.g.*, Exhibit 2 to the Certification of Ryan J. Cooper, July 18, 2008 [Doc. 08-1721 No. 16]). They refused to do so.

## III. This Court's Recent Case Law Supports Prudential's Motion for Discharge.

A recent decision of this Court further supports Prudential's motion for discharge. In *William Penn Life Insurance Company of New York v. Viscuso*, plaintiff, confronting competing claims to the proceeds of a life insurance policy, brought an action in interpleader to deposit the proceeds with the Court and be discharged from liability. 2008 U.S. Dist. LEXIS 61014, 08-cv-1141, *1 (S.D.N.Y July 30, 2008). The Court granted the discharge finding the claimants' purported counterclaims were only claims to the stake, on which plaintiff conceded liability. *Id.* at *11-13. The Court also rejected any suggestion that the stakeholder brought the interpleader action unnecessarily, noting that the stakeholder "is not required to evaluate the merits of the conflicting claims at its peril; rather, it need only have a good faith concern about the duplicitous litigation and multiple liability if it responds to the requests of certain claimants and not to others." *Id.* at *7 (*quoting Sotheby's, Inc. v. Garcia*, 802 F. Supp. 1058, 1065 (S.D.N.Y. 1992)). Here, the Claimants only allege claims to the Plan Benefits, and Prudential's concern of

duplicitous litigation was realized when Claimant Calderon brought suit for the Plan Benefits. Accordingly, Prudential is entitled to deposit the disputed stake with the Court and be discharged from this action.

## CONCLUSION

For the aforementioned reasons, Prudential respectfully requests that the Court grants its Motion for Discharge and for Attorneys' Fees and Costs.

Respectfully submitted,<br>
MORGAN, LEWIS & BOCKIUS LLP<br>
Attorneys for Stakeholder-Plaintiff in Interpleader

Dated: September 2, 2008

By: s/ Ryan J. Cooper
MORGAN, LEWIS & BOCKIUS LLP
Brian A. Herman (BH-0731)
Ryan J. Cooper (RC-0477)
101 Park Avenue
New York, NY  10178-0060
(212) 309-6000
(212) 309-6001 (fax)

## CERTIFICATE OF SERVICE

I, Ryan J. Cooper, hereby certify that on September 2, 2008, I caused a true and correct copy of The Prudential Insurance Company of America's Reply in Support of its Motion to Discharge Stakeholder and for Attorneys' Fees and Costs to be served via First Class Mail and, where applicable, via the Court's NEF system, upon the undersigned:

Jules A. Epstein, Esq.
Jules A. Epstein, P.C.
600 Old Country Road, Suite 505
Garden City, New York 11530

Douglas J. Lerose, Esq.
445 Broadhollow Road, Suite 200
Melville, New York 11747

Eugene R. Anderson, Esq.
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020

                                                     s/ Ryan J. Cooper
                                                     Ryan J. Cooper